UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| STANLEY ALBERT ABRAMS and | : | CASE NO. 14-73627-JWC |
| HYACINTH ANASTASIA ABRAMS, | : | |
| | : | |
|    Debtors. | : | |

**MOTION FOR NUNC PRO TUNC APPROVAL OF SETTLEMENT OF MULTI-DISTRICT PRODUCT LIABILITY LITIGATION**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Estate**") of Stanley Albert Abrams and Hyacinth Anastasia Abrams (collectively, "**Debtors**"), and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Nunc Pro Tunc Approval of Settlement of Multi-District Products Liability Litigation* (the "**Motion**") and respectfully shows this Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

2. On December 1, 2014 ("**Petition Date**"), Debtors filed a petition under Chapter 7 of the Bankruptcy Code.

3. On March 31, 2015, the Court entered an Order Discharging Debtors and Closing Estate. [Doc No. 15].

4. Prior to the Petition Date, Stanley Abrams ("**Mr. Abrams**") was implanted with a medical device. Mr. Abrams retained McGartland Law Firm, PLLC, and Weitz and Luxenberg

13341406v1

("**Special Counsel**") to represent him in the products liability lawsuit (the "**Litigation**")[1] on or about February 21, 2016.

5.  On November 14, 2018, the United States Trustee filed a motion to reopen Debtors' Chapter 7 case [Doc No. 17], and the Order Reopening Case was entered on November 15, 2018. [Doc. No. 19].

6.  Thereafter, the United States Trustee reappointed Trustee, and he remains the duly acting Chapter 7 trustee in this case.

7.  On January 9, 2019, Trustee filed an application to employ Special Counsel [Doc. No. 35] as his special counsel in this bankruptcy case related to the Litigation, and on January 11, 2019, the Court entered an Order [Doc. No. 36] authorizing Trustee to employ Special Counsel.

8.  Mr. Abrams' interest in the Litigation has been settled (the "**Settlement**"), subject to approval of the Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

9.  Mr. Abrams' gross settlement award is $205,472.95 inclusive of a 5% holdback (the "**Holdback**") for potential litigation expenses, including appeals. Special Counsel will retain and disburse the Holdback. In addition, the Estate will pay $3,552.84 in medical liens.

10. Moreover, if awarded by the Court, Special Counsel will be paid fees in the amount of $65,217.64 (or 33.333% of the gross settlement amount of $195,654.89) and reimbursement of expenses in the amount of $3,311.94, which includes shared expenses of Mr. Abrams.

11. As a result, the Estate will have available for distribution under 11 U.S.C. § 726 the remaining $106,292.47 after the payment of the Debtors' exemption in the amount of $17,280.00 (the "**Exemption**"), calculated as follows:

---

[1] The multi-district litigation (MDL) styled In re [REDACTED], currently pending in the Federal District Court for various state and federal courts. The terms of the settlement are highly confidential. As a result, to the extent the settlement amount needs to be disclosed in a public court filing, the name of the medical device and its manufacturer must not be identifiable.

13341406v1

| | |
|---|---|
| Gross Settlement Amount | $205,472.95 |
| Holdback | $ (10,273.65) |
| Remaining Holdback (Add) | $       455.59 |
| Medical Liens | $  (3,552.84) |
| Attorney's Fees | $ (65,217.64) |
| Expenses | $  (3,311.94) |
| Exemption | $ (17,280.00) |
| | |
| Net Amount | $106,292.47 |

### Relief Requested

12. Trustee requests an order from the Court approving the Settlement and authorizing Trustee to settle the interest of the Estate in the Litigation under the terms set forth herein.

13. In addition, Trustee requests authority to pay from the resulting settlement proceeds, the Exemption to Mr. Abrams.

14. Finally, Trustee requests authority to pay from the resulting settlement proceeds the medical liens and Holdback referenced above.

### Basis for Relief Requested

15. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by Trustee and after notice and a hearing, the court may approve a compromise or settlement."

16. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

13341406v1

*Id.* at 1549.

17. Under the standard set forth above, Trustee believes that the Court should grant the Motion and approve the Settlement.

18. Trustee asserts that the terms of the Settlement fall well within the range of reasonableness for a settlement of this matter and will benefit the Debtors' Estate and its creditors, and therefore respectfully requests that the Court grant the Motion. Indeed, based on currently filed claims, Trustee believes that the Settlement will allow him to make a substantial distribution to holders of allowed unsecured claims (if not pay them in full).

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement, authorize Trustee to make the payments requested herein, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 12th day of April, 2019.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

        By:<u>/s/ Michael J. Bargar</u>
           Michael J. Bargar
           Ga. Bar No. 645709
        Arnall Golden Gregory, LLP
        171 17th Street, NW, Suite 2100
        Atlanta, Georgia 30363-1031
        Phone: (404) 873-8500/Fax: (404) 873-8501
        Email: michael.bargar@agg.com

13341406v1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Nunc Pro Tunc Approval of Settlement of Multi-District Products Liability Litigation* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Michael A. Graves
The Semrad Law Firm, LLC
Sterling Point II
Suite 201
303 Perimeter Center North
Atlanta, GA 30346

Stanley Albert Abrams
130 Meadowbrook Court
Covington, GA 30016

Hyacinth Anastasia Abrams
130 Meadowbrook Court
Covington, GA 30016

Mike McGartland
McGartland Law Firm, PLLC
University Centre I, Suite 500
1300 South University Drive
Fort Worth, TX 76107

This 12th day of April, 2019.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

13341406v1